```
 1                IN THE UNITED STATES DISTRICT COURT

 2              FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

 3
    United States of America    :
 4                               :
                                 :
 5           vs                  :   1:CR-107-001
                                 :
 6                               :
    Bruce P. Ward                :
 7
```

**ORIGINAL**

```
12        BEFORE:       Honorable William W. Caldwell

13        PLACE:        Williamsport, Pennsylvania

14        PROCEEDINGS:  Revocation Hearing

15        DATE:         Tuesday, May 12, 2004

16        VOLUME:       One




20  APPEARANCES:

21  For the United States:    James T. Clancy, Esquire
                              U.S. Attorney's Office
22                            228 Walnut Street, Second Floor
                              P.O. Box 11754
23                            Harrisburg, PA  17108-1754

24  For the Defendant:        Thomas A. Thornton, Esquire
                              Federal Public Defender's Office
25                            100 Chestnut Street, Suite 306
                              Harrisburg, PA  17101
```

OFFICIAL COURT REPORTER

```
 1                      (9:50 a.m., convene.)
 2           THE COURT:  Good morning.
 3           MR. CLANCY:  Good morning, Your Honor.  Your Honor,
 4   before the Court this morning is United States of America
 5   versus Bruce P. Ward.  It is docketed to 1:CR-01-107.  This
 6   defendant was sentenced to a term of imprisonment for 27
 7   months and a term of supervised release to follow that
 8   imprisonment for a term of two years.
 9           The defendant completed his prison term and started
10   his supervised release.  A condition of that supervised
11   release was that he participate in mental health treatment
12   at the direction of the probation office.  He was directed
13   to participate in sex offender training.
14           As this Court knows, a petition was filed by the
15   probation office requesting a warrant or summons for the
16   defendant because of his discharge from sex offender
17   treatment by the facility where he was attending that
18   treatment.
19           THE COURT:  Right.
20           MR. CLANCY:  Rather than have a full-blown hearing
21   this morning, I have had discussions with the probation
22   officer and Mr. Thornton on behalf of the defendant.  I wish
23   to proceed by proffer.  And the opening I just gave the
24   Court is essentially my proffer; that the defendant, because
25   of his lack of active participation in sex offender
```

1   treatment, was discharged, and his lack of participation
2   amounts to a violation of his supervised release term.
3       Mr. Thornton, on behalf of the defendant, I
4   believe, wishes to ask the Court, rather than impose a
5   prison term for that violation, that the Court allow a
6   modification of conditions.  I will leave that to
7   Mr. Thornton.
8       THE COURT:  Mr. Thornton.
9       MR. THORNTON:  Yes, Your Honor.  That's correct.
10  As you probably noticed in the violation notice that was
11  sent by the probation office, Mr. Ward is complying
12  completely with all of the other conditions of release.
13  He's employed.  As a matter of fact, he finally got a good
14  job where he's able to make enough money to afford his child
15  support.  He's currently making approximately $7 an hour
16  which brings him --
17      THE DEFENDANT:  I just got a raise.
18      MR. THORNTON:  He just got a raise to $9.25 an
19  hour, which will help a little bit.  He's currently bringing
20  home 371 every two weeks.  From that 371, $161 is taken out
21  every two weeks for child support.  So he's living on
22  approximately $211 every two weeks.
23      Mr. Ward is willing to attend therapy.
24  Unfortunately, the -- I guess the interplay between Mr. Ward
25  and the people at Ponessa just hasn't worked.  And I think

1  Your Honor may recall back to the beginning of this case a
2  long time ago that there was some difficulty between
3  Mr. Ward and Ponessa.
4         We would ask Your Honor to consider allowing
5  Mr. Ward to go to a different placement, a different
6  therapeutic placement where he can hopefully prosper and not
7  incarcerate him at this time.
8         If Your Honor did intend to incarcerate him or not
9  accept the recommendation, I would ask for some opportunity
10 to have Mr. Ward testify and also present some other
11 evidence.  But if Your Honor was inclined to allow Mr. Ward
12 to go to the other placement, I believe we could.
13        THE COURT:  What is the other placement?
14        MR. LEAHEY:  Your Honor, we also utilize
15 Pennsylvania Counseling Services.
16        THE COURT:  And I guess at this point you haven't
17 spoken with them about this.
18        MR. LEAHEY:  That's correct, Your Honor.
19        THE COURT:  Any reason to feel that they may not be
20 willing?
21        MR. LEAHEY:  I can only expect that they will take
22 him.  I can't guarantee it.
23        THE COURT:  Okay.  Okay.  Well, I think I'm willing
24 to go along with Mr. Clancy's suggestion.  I don't know if
25 Mr. Ward wants to say anything here this morning or not.

1     THE DEFENDANT: No, sir.

2     MR. THORNTON: No. He's willing to take the
3  polygraph and participate as required.

4     THE COURT: Okay. So I think the disposition -- I
5  think there has been a violation here, and we'll note that
6  on the record. But we will continue the supervised release
7  subject to Mr. Ward cooperating and complying with whatever
8  the probation department recommends.

9     Mr. Ward, I'm concerned about the situation here.
10 This child pornography thing is a crime, and of course, the
11 courts are here to enforce the law. I know you don't feel
12 that you're making any progress and that you don't want to
13 cooperate or that you don't want to participate in some of
14 the things that are going on here. But you've got to
15 understand that you're just not -- we can't let you make
16 that judgment. I think you have to do whatever it is that
17 is suggested. Do you understand that?

18    THE DEFENDANT: Yes, sir.

19    THE COURT: And I think I'm a little disturbed
20 about the fact that you relate collecting baseball cards to
21 collecting child pornography. Of course, collecting child
22 pornography is against the law. Collecting baseball cards
23 is not comparable in any way.

24    I just want to tell you in a kind way, if I can,
25 that if there is any further difficulty with your

```
 1  cooperation and treatment and so forth and the government
 2  feels that you must come back here, at that point I think I
 3  would be obliged to send you back to jail, which I really
 4  don't want to do.  Do you understand that?
 5          THE DEFENDANT:  Yes, sir.
 6          THE COURT:  Are you willing to make a sincere
 7  effort?
 8          THE DEFENDANT:  I've been willing all along, sir.
 9  Yes.
10          THE COURT:  You've got to cooperate with these
11  people in the treatment centers.
12          THE DEFENDANT:  I did attempt to.
13          THE COURT:  I know you probably don't like group
14  therapy or whatever it is that's going on, but we just can't
15  allow you to be the judge of whether or not you should
16  participate.  Do you understand that?
17          THE DEFENDANT:  Yes.
18          THE COURT:  Is there any further disposition needed
19  at this point?
20          MR. CLANCY:  I don't believe so, Your Honor.
21          THE COURT:  Mr. Leahey.
22          MR. LEAHEY:  No, Your Honor.  Thank you.
23          THE COURT:  Thank you very much.  That concludes
24  the hearing.
25          THE CLERK:  Court is adjourned.
```

OFFICIAL COURT REPORTER

1  (The proceedings were adjourned at 9:59 a.m.)

OFFICIAL COURT REPORTER

```
 1
 2                    REPORTER'S CERTIFICATE
 3
 4         I, Lori A. Fausnaught, RMR, Official Court Reporter
 5   for the United States District Court for the Middle District
 6   of Pennsylvania, appointed pursuant to the provisions of
 7   Title 28, United States Code, Section 753, do hereby certify
 8   that the foregoing is a true and correct transcript of the
 9   within-mentioned proceedings had in the above-mentioned and
10   numbered cause on the date or dates hereinbefore set forth;
11   and I do further certify that the foregoing transcript has
12   been prepared by me or under my supervision.
13
14
15                                    Lori A. Fausnaught, RMR
16                                    Official Court Reporter
17
18   REPORTED BY:
19      LORI A. FAUSNAUGHT, RMR
        Official Court Reporter
20      United States District Court
        Middle District of Pennsylvania
21      240 West Third Street, Suite 446
        Williamsport, PA 17701
22
23
             (The foregoing certificate of this transcript does
24   not apply to any reproduction of the same by any means
     unless under the direct control and/or supervision of the
25   certifying reporter.)
```